ATTAWAY v. SCHMIDT & MADIGAN
GROCERY CO. (No. 608.)

(Court of Civil Appeals of Texas. El Paso.
Oct. 19, 1916.)

1. LIVERY STABLE AND GARAGE KEEPERS ⬤— 6—DUTY OF CARE OF HORSE—MEDICAL AID —"ORDINARY CARE."

It was the duty of livery stable keepers to use ordinary care and prudence in taking care of a horse placed with them for board while in their custody at their stable, and to render proper medical aid to such horse after it was injured, adopting such means and using such methods, in so doing, as was least likely to cause damage, "ordinary care" being that degree of care, skill, and diligence which an ordinarily prudent person would use in the transaction of his own business, under like circumstances.

[Ed. Note.—For other cases, see Livery Stable and Garage Keepers, Cent. Dig. § 5; Dec. Dig. ⬤—6.

For other definitions, see Words and Phrases, First and Second Series, Ordinary Care.]

2. LIVERY STABLE AND GARAGE KEEPERS ⬤— 6—INJURY TO HORSE—NEGLIGENCE— QUESTION FOR JURY.

In an action for the value of a horse placed in a livery stable to board, a charge, submitting to the jury the question whether it was negligence for the stable keepers to fail to employ a veterinary surgeon to treat a wound received by the horse, and to treat it themselves, was proper.

[Ed. Note.—For other cases, see Livery Stable and Garage Keepers, Cent. Dig. § 5; Dec. Dig. ⬤—6.]

3. LIVERY STABLE AND GARAGE KEEPERS ⬤— 6—LIABILITIES FOR INJURIES TO HORSE — EVIDENCE.

In an action against livery stable keepers for the value of a horse, the owner was properly permitted to testify that "defendant told him that in his (defendant's) opinion it was not nec-

essary to have a veterinary surgeon to treat the horse for the injury."

[Ed. Note.—For other cases, see Livery Stable and Garage Keepers, Cent. Dig. § 5; Dec. Dig. ⬤—6.]

Appeal from Harris County Court; Clark C. Wren, Judge.

Suit by the Schmidt & Madigan Grocery Company against David Attaway. From a judgment for plaintiff, defendant appeals. Judgment affirmed.

A. B. Wilson and Cole & Cole, all of Houston, for appellant. Harry W. Freeman, of Houston, for appellee.

HARPER, C. J. This case was filed in the justice court by appellee against appellant for $175, the alleged value of a horse placed in livery stable for keep and board. Judgment was for appellee both in justice court and in the county court. From the latter this appeal is perfected.

The appellant urges, first, that it was error for the court to give the following charge:

"You are instructed that if you find that the defendants' failure, if any, to employ a veterinary surgeon to treat the wound of said horse within a reasonable time after they learned of said injury, and their conduct in attempting to themselves treat the wound was negligence and was the natural and probable cause of said horse contracting the disease known as lockjaw, and that its death was the natural and probable consequence of said disease, then you should find for plaintiff."

"In this connection, you are further instructed that it was the duty of the defendants, as caretakers of this horse, to see that the wound on the horse was properly treated, and that if defendants were unwilling to render such medical aid, it was their duty to notify plaintiff accordingly, a failure to perform this duty would be negligence."

The proposition is:

"Where plaintiff sued for damages, alleging that the defendant was negligent in the care of a horse and the evidence offered shows a contract entered into for boarding a horse, and no agreement is shown to have been entered into by defendants to give the horse medical treatment or provide a veterinary surgeon if the horse became injured, the court erred in instructing the jury that it was the defendant's duty to furnish a veterinary surgeon, and if the defendants failed in this, they would be guilty of negligence; there being no evidence to support the charge."

The court gave, with the charge complained of, the following charge:

"You are instructed that it was the duty of defendants to use ordinary care and prudence in taking care of the horse of plaintiff while in their custody, at their stable, and also to render proper medical aid to said horse after it was injured, adopting such means and using such methods in so taking care of the horse as are least likely to cause damage.

"In this connection you are further instructed that by the term 'ordinary care' as used in this charge is meant that degree of care, skill, and diligence which an ordinarily prudent person would use in the transaction of his own business under like or similar circumstances."

[1, 2] It will be noted that the charge next above quoted gave the correct rule applicable

---

⬤—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

to the care required of stable keepers with respect to animals in their charge, and it will further be noted that the charge complained of submits to the jury the question: Was it negligence for the defendant to fail to employ a veterinary surgeon to treat the wound and to treat it themselves? And it does not charge the jury that it was the duty of the defendants to employ a veterinary surgeon, but leaves that matter to them under the other portions of the charge.

[3] It was not error for the court to permit the owner of the horse as a witness to testify that:

"Defendant told him that in his (defendant's) opinion, it was not necessary to have a veterinary surgeon to treat the horse for the injury."

Finding no error in the record, the judgment must be affirmed; and it is so ordered.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes